NO. 8731

COURT OF APPEAL

PARISH OF ORLEANS.

----------

A. R. JOHNSON

8731

versus

LONGSHOREMEN'S PROTECTIVE UNION

BENEVOLENT ASSOCIATION, et al.

----------

Claiborne J. dissents,

8731

Court of Appeal
PARISH OF ORLEANS

April 16/23

Stansbery

7

Dinkelspiel; J.

original

The allegations of plaintiff's/petition, filed May 1st, 1922, avers substantially that plaintiff was a candidate for the office of President of the Longshoremen's Protective Union Benevolent Association, and that an election held on the day and date mentioned, having received a majority of the votes cast, was entitled to the office of President, to which he had been elected; further avers that the commissioners of election, judges and clerks, who were selected to carry on said election did not do their duty in honestly carrying on said election but were committing a fraud in counting the votes cast and not entering on the tally sheets the true number of votes cast and thatxxx that unless the tickets and ballots cast in xxd said election and the list of the persons who voted xx are judicially sequestered and held by the Sheriff until the final determination of this case, same will be destroyed and the evidence showing that he was legally elected will also be destroyed, and therefore he was entitled to a writ quo warranto, directed to Albert Workman, President, and the Association, to show cause why and by what authority Workman claims to be President, and that the Civil Sheriff be ordered to judicially sesquester and take into his possession all the tickets and ballots cast in said election and hold same until this suit is finally decided, and prayed further that he be declared elected President of said Association. The writ prayed for was issued and the Civil Sheriff took possession of the boxes containing the tickets and the tally sheets.

Subsequently a supplemental and amended petition was filed, averring that the election is so tainted with fraud and malpractice on the part of the defendants as to require, in the interest of justice, a new election under the supervision and authority of the Court, and in the event it should appear that the boxes herein seized show a majority of the votes in favor

8

of Albert Workman, that a new election be ordered as required by law; and further averring that the President, Workman, and the other officers charged with the conducting of the election are the appointees of the President, and as such the result would be of æxx a fraudulent connivance in appointing men who will due his bidding and/will be in their power to falsify the returns of the election, on account of the illiterate members, and therefore if a majority of the votes found in the box held by the Sheriff favor Albert Workman, a new election should be ordered on the ground of fraud.

To this petition exceptions were filed that alleging inconsistent and contradictory allegations of the original petition and the supplemental petition. The supplemental petition sets forth an entirely different cause of action, hence praying for a different, separate and distinct relief; and subsequently alleging that the original petition discloses no cause or right of action, because there is no relief which the Court can grant on the allegations, and further that the defendants' reconventional demand for damages again against relator and the surety on his bond should be allowed for the the wrongful issuance of the writ.

To the supplemental and amended petition filed by plaintiff in this case, the defendants filed an exception of no cause or right of action, and without in any way waiving said exception, and only in case same should be overruled, denied the allegations of all the articles in plaintiff's petition except that the present President held over until the vote in this election be decided; denied that the election was unfairly and dishonestly conducted, denied that there was any fraud in counting the votes and not entering the true number of votes cast, and/either aver that the allegations of the petition caused damage to defendants in the matter of loss of time, and injury to its na reputation and the fees of attorneys employed by respondent in seeking to have the said order

9

set aside, claiming the sum of $250.00; further praying that the suit of plaintiff be dismissed and the writs of quo warranto issued be recalled and vacated, and that the order issued on the 3rd of May 1922, be set aside and the Sheriff be ordered and directed to restore to your ꝑꝑꝑꝑꝑꝑꝑꝑ respondents, the ballot box, ballots, tickets of election and the other paraphernalia held by the Court, and that there be judgment in favor of defendants, ꝑꝑꝑꝑꝑꝑꝑꝑꝑꝑꝑ for $250.00 for the improper issuance of said writ and for general relief.

On these issues the parties went to trial, and after a full discussion of both the original and supplemental petitions, and on motion of the defendants, through counsel, alleging that the writ of judicial sequestration could only be furnished upon plaintiff furnishing bond in the amount fixed by the Court, hence the writ of sequestration issued herein should be recalled, annulled and vacated, and dissolved. The Court decided: "After full hearing of counsel for plaintiff and defendants, the court is of opinion that the writ of sequestration herein issued is a writ of sequestration eo nominee, was ultra vires, the Court, ax and is a nullity. The Court is further of opinion that this matter presents a case where on the face of the papers there is a substantive right for which the law has provided no specific remedy, and that under the equity powers of the Court it is the duty of the Court to provide a remedy. Therefore considering so to do.

It is ordered that the writ of sequestration herein is sued be revoked, cancelled and annulled, together with the order. Therefore, it is further ordered that the Civil Sheriff seize, take into his possession, until the further orders of this Court, the ballot boxes and other paraphernalia described in the petition; it is further ordered that the plaintiff file in this Court within twenty four hours from date hereof, a bond with solvent surety in the sum of $250.00 in favor of the Clerk of this Court, conditioned that the plaintiff will pay such damages

as may be caused to defendants by the issuance of this order, if it be decided that this order was wrongfully issued, in default of furnishing said bond as above required, then this order be annulled and the property seized be restored to the defendants."

Subsequently this record shows, plaintiff furnished the bond required.

Then on the trial had, of both the original and the supplemental petitions, the Court held, and rendered the following judgment:

"The Court being of opinion that the allegations of the supplemental and amended petition are totally inconsistent and contradictory of the allegations of the original petition, and in truth and in fact set forth an entirely different cause of action, and ask for entirely separate and distinct relief, and is plainly inadmissable,

It is therefore, ordered, adjudged and decreed, that the order permitting the filing of the supplemental petition be recalled and vacated, and that the supplemental petition be ordered stricken from the record."

On the exception to the original petition:

"The Court is of the opinion that the petition shows that the relator, Johnson, was a candidate at the election being held on the 1st day of May, 1922; that the petition shows that the election was never finished, that by a writ of sequestration issued out of this Court, the election was stopped. Therefore, Johnson, the relator on the face of his own petition has never been elected President of this Association; the fact that he apprehends that he is going to be counted out does not give him any right to have this Court declare him President; if the election is permitted to be finished and he was in truth and in fact elected and was counted out he can then bring proceedings to have the truth declared by the Court, or in the alternative, if his election is

11

so tainted with fraud as to be invalid and the Court so judicially declare, set it aside, and order a new election, but his present petition sets forth no cause of action for which this Court is justified in giving him any of the relief prayed for. The exception is maintained and relator's suit dismissed. The reconventional demand of the Longshoremen's Protective Union Benevolent Association is dismissed as in case of non suit, with full reservation to the Association to proceed for any such damages as it may have suffered by reason of the original writ of sequestration herein, and the eo nominee writ issued by this Court.

It is further ordered, adjudged and decreed that at the finality of this judgment the Civil Sheriff for the Parish of Orleans return the ballot boxes with its contents, seized in this proceeding, to said Association.

It is further ordered, adjudged and decreed, that the relator, Johnson, pay all costs of this proceeding."

We have thus detailed the proceedings had in this case, and given in full both on the original and supplemental petitions, the reasons of the Judge aquo, why the Judge dismissed dissolved the writ and dismissed the plaintiff's suit. We are satisfied that he was correct in his contentions that the original petition, claiming that Johnson had been elected as President of the organization was contradictory to the supplemental petition because of the fact that the votes in the ballot boxes in possession and under the control of the Court had not been counted, and therefore no returns had been made; hence, it was impossible to ascertain under these facts whether he was elected President of the organization or not. His supplemental and amended petition so prayed for ascertainment of this fact and was a direct and distinct denial of what his allegations in the original petition were, and the reasons given by the Judge aquo in this case so clearly set this forth that further comment thereon is unnecessary.
6.

12

On the question of damages, the Judge in his opinion gave to the defendants a right in a separate and distinct suit to set forth any claim for damages that they might have suffered, and dismissed the reconventional demand made in this case; and in this we concur with him.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, plaintiff, A. R. Johnson, to pay all costs of both Courts.

-Judgment affirmed-

It was stated on argument, and not denied, that the Sheriff did not interfere with the election, and took possession of the boxes only after the election was over — I think the plaintiff, under his allegations of fraud, had a right to have the votes counted by the court. I therefore respectfully dissent —

C. F. C. judge